AGNES S. HULL and HANNAH E. EPLER, appellants,

*v.*

WALTER HAGGAS and RUTH HAGGAS, his wife, et al., respondents.

[Submitted October term, 1934.   Decided January 10th, 1935.]

*Mr. Donald A. Swackhamer,* for the appellants.

*Mr. Lynwood Lord,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

Originally a bill to foreclose a mortgage, it was subsequently amended to include recovery on an indemnifying bond given by the defendants Gellenthins, husband and wife, to secure the payment of the mortgage sued on.

To the claim based on the bond the Gellenthins answered that it had never been delivered; that such delivery as took place was in escrow to await the result of a search for judgments against the Haggas, the other defendants, former owners of the property, it being understood that the bond was to be delivered if the property was free from claims; that a judgment of $1,000 was disclosed by the search and that therefore the bond never became effective; and finally that the giving of the bond was without consideration.   Defendants

filed also a counter-claim praying that complainants be restrained from further proceeding on the bond.

The vice-chancellor accepted the evidence supporting this defense and counter-claim and advised the decree which, while awarding complainants a decree in foreclosure, restrained them from proceeding on the bond for a deficiency, and complainants appeal.

Our examination of the proofs convinces us that the conclusion reached by the learned vice-chancellor was wrong in so far as it sustained the defense and restrained action on the bond.

The facts were that Haggas and wife on May 26th, 1925, executed their bond, and a mortgage covering the property involved, to the complainants for $3,000, payable in five years, and that the Gellenthins held a second mortgage on the same property in the sum of $2,500. The Haggas, being unable to pay the interest and taxes and foreclosure being threatened, Gellenthins, to prevent such action, on September 2d, 1930, took title from the Haggas, and on October 30th, 1930, executed and delivered to Alexander L. Rogers, attorney for the complainants, the indemnifying bond. The bond was forwarded to complainants by Rogers on December 30th, 1930, together with his bill for services.

Thus matters remained until December 27th, 1932, when the interest being again in default, the Gellenthins were notified by complainants' counsel of their guaranty, and asked what they intend doing in the matter. No response forthcoming, proceedings to foreclose were instituted.

The claim that the bond of the Gellenthins was placed in escrow to be delivered only upon a search showing the property clear of liens rests on the unsupported testimony of the defendant Charles Gellenthin. This testimony we think is untrue, and the claim an afterthought, as is clearly demonstrated by the other proofs in the case.

Walter Haggas and his wife testified that after the delivery of the deed to the Gellenthins they paid no further interest to the complainants, but that they remained in the property as tenants and paid rent as such to Gellenthins; that two

or three weeks after the deed was executed Charles Gellenthin told Walter Haggas about the judgment, asked the amount due thereon and was informed that the balance was but $250. Alexander L. Rogers, then counsel for complainants, testified that the bond was executed in his office by Charles Gellenthin at one time and later by Mrs. Gellenthin, and delivered without restriction of any kind. It was stipulated in the cause that a letter containing the supreme court search was mailed to Gellenthin by his own counsel on October 24th or 25th, five or six days before the bond in suit was executed.

To the foregoing is to be added the significant facts that after delivery of the bond to Rogers no demand was made by Charles Gellenthin (himself a real estate agent accustomed to drawing legal papers and knowing their purpose and effect), for its return, that Mrs. Gellenthin, who also executed the bond, was never called to testify in corroboration of her husband, and that Rogers in forwarding the bond with a bill for his services in drawing it, regarded the transaction complete at that time.

After such a showing, giving due consideration to the fact that the vice-chancellor had opportunity to see and hear the witnesses, we nevertheless conclude that the result reached by him as to the bond cannot be sustained.

The answer setting up want of consideration is obviously without merit. Refraining from foreclosing the mortgage afforded ample consideration for the assumption of responsibility for its payment.

So much of the decree as restrains further proceedings against the Gellenthins on their bond is reversed, with direction to the court below to enter a decree in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 13.